## EPILEPSY AS A RESULT OF INJURIES.

[Circuit Court of Lorain County.]

THE CLEVELAND & SOUTHWESTERN TRACTION COMPANY v.
HARRY HAMNER.

Decided, October 6, 1905.

*Damages—For Personal Injuries—Epilepsy as an Element—What the Jury Must Find—Charge of Court.*

In a suit for damages for personal injuries, there can be no recovery on account of epilepsy from which the patient claims to be suffering, but no mention of which is made in the petition, unless the jury find that epilepsy is a natural and ordinary result of the injuries averred, and also that the epilepsy, if any, from which plaintiff suffers is a result of the injuries sustained.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is a personal injury damage case. Hamner was a passenger and hurt in a collision. He recovered a large judgment which the traction company here seeks to reverse. We shall discuss only one or two of the assignments of error, the others being in our opinion clearly unfounded.

It is complained that although epilepsy was not mentioned in the petition's recital of Hamner's injuries, evidence thereof was admitted, and the jury under the charge was permitted to consider it as an element of damages, and that, too, whether they found that it was the actual result, or merely a natural and probable consequence, of the initial injury.

Of course, the petition's enumeration of consequential injuries must be held to be exclusive of any and every such injury that is not a natural and probable result of those expressly mentioned.

Whether epilepsy was such a natural and probable result, was, therefore, a preliminary question for the jury under the evidence rightly admitted in that behalf.

In case they found epilepsy to be an ordinary consequence of the injuries averred, they should have been directed to find whether the plaintiff's epilepsy, if any, did in fact result from

any of the injuries mentioned in his petition and actually suffered by him.

Instead of thus marshaling these propositions in due subordination, the court charged that they were alternative conditions of recovery for epilepsy as an element of plaintiff's damages, saying in substance that plaintiff might recover therefor if it were either the actual result, or merely a natural and probable consequence.

I quote from page 31 of the bill of exceptions the court's charge on this point:

"If you find that the plaintiff has the disease of epilepsy, I say to you, that the defendant is not liable therefor, unless you find that such disease is the direct result of the injury received by plaintiff, or is a probable and natural consequence of the injury caused to plaintiff by defendant's negligence, and one which, according to common experience and the usual course of events, might reasonably have been anticipated. And, if, on this subject the evidence is so evenly balanced that you are unable to say what the truth is in that behalf, or if you find that said disease was not the direct result of said injury and was not a probable and natural consequence of such injury, and one which, according to common experience and the usual course of events might reasonably have been anticipated, then the plaintiff has failed to sustain the burden which the law requires, and you should not allow damages for the plaintiff having such disease, if you find he has such disease.

"But, if you find plaintiff has such disease, and that it is the direct result of the injuries received by the plaintiff, or that it is a probable or natural consequence of injuries received by plaintiff in said collision, and one which, according to common experience and the usual course of events might reasonably have been anticipated, then you should consider this fact in assessing damages."

The jury was thus erroneously permitted to award plaintiff damages for epilepsy, even though they should find that it was not an actual consequence of the accident.

For this error in charging the jury the judgment is reversed and the cause remanded.

*W. W. Boynton* and *C. W. Collister,* for plaintiff in error.

*Skiles, Green & Skiles* and *Lee Stroup,* for defendant in error.